**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGLE JEGELEVICIUTE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>-against-<br><br>DOCGO, INC. and RAPID RELIABLE TESTING LLC,<br><br>Defendants. | No.<br><br><br><br><br>CLASS AND COLLECTIVE ACTION COMPLAINT |

\

Migle Jegeleviciute ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover underpayment caused by untimely wage payments and other damages for Plaintiff and similarly situated non-exempt hourly positions including but not limited to covid tester positions (collectively, "Hourly Workers") who work or have worked for DocGo, Inc. and Rapid Reliable Testing, LLC (together "DocGo" or "Defendants").

2. Headquartered in New York, New York, Defendants provided "pop-up" COVID-19 testing sites throughout New York.

3. To conduct their operations, DocGo employs a fleet of approximately forty mobile testing units and employs over one hundred Hourly Workers.

1

4. At all relevant times, Defendants have compensated Plaintiff and all other Hourly Workers in New York on a bi-weekly basis.

5. Despite being manual workers, Defendants failed to properly pay Plaintiff and other Hourly Workers in New York their wages within seven calendar days after the end of the week in which these wages were earned as required by NYLL § 191.

6. In this regard, Defendants failed to provide prompt payment to Plaintiff and all other similarly situated Hourly Workers in New York as required by the FLSA and NYLL.

7. The FLSA holds a prompt pay requirement, under which late wages are considered a form of unpaid wages. *See Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 56 (2d Cir. 1998) (citing *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2d Cir. 1960)); *Rigopoulos v. Kervan,* 140 F.2d 506, 507 (2d Cir. 1943); *Rogers,* 148 F.3d 52, 58 (2d Cir. 1998).

8. Defendants' failure to provide timely payment therefore violates the FLSA.

9. Manual Workers as contemplated by NYLL § 191 are "dependent upon their wages for sustenance." *See People v. Vetri*, 309 N.Y. 401, 405 (1955)

10. As such, the failure to provide wages owed to Plaintiff and all other similarly situated Manual Workers, according to NYLL § 191 constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019).

11. At all relevant times Defendants have compensated Plaintiff and all other Hourly Workers on an hourly basis.

12. Defendants instituted a policy and practice whereby it fails to pay Plaintiff and other Hourly Workers for all the hours they work.

13. Defendants' policy also resulted in paying Plaintiff and similarly situated Hourly

2

Workers less than their agreed upon hourly wages in violation of NYLL § 191(1)(d).

14. Plaintiff brings this action on behalf of herself and all other similarly situated Hourly Workers in New York pursuant to the FLSA, 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the FLSA and NYLL.

## THE PARTIES

**Plaintiff**

**Migle Jegeleviciute**

15. Migle Jegeleviciute ("Jegeleviciute") is an adult individual who is a resident of New York, New York.

16. Jegeleviciute was employed by DocGo as an Hourly Worker from in or around March 2021 through approximately March 2023.

17. Jegeleviciute is a covered employee within the meaning of the FLSA and the NYLL.

18. A written consent for Jegeleviciute is being filed with this Class Action Complaint.

**Defendant**

**DOCGO, INC.**

19. DocGo, Inc. is a foreign business corporation organized and existing under the laws of Delaware.

20. DocGo, Inc.'s principal executive office is located at 35 West 35th Street, 6th Floor, New York, New York 10001.

21. DocGo, Inc., was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

22. DocGo, Inc. has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied

to them.

23. DocGo, Inc. applies the same employment policies, practices, and procedures to all Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

24. Upon information and belief, at all relevant times, DocGo, Inc. has had an annual gross volume of sales in excess of $500,000.

25. At all times relevant, DocGo, Inc. has employed more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce.

26. In this regard, employees for DocGo, Inc. regularly handled goods in interstate commerce, including, but not limited to, medical supplies, COVID-19 testing materials, tents, and other supplies produced outside the State of New York.

**RAPID RELIABLE TESTING LLC**

27. Rapid Reliable Testing LLC is a foreign business corporation organized and existing under the laws of Delaware.

28. Rapid Reliable Testing LLC's principal executive office is located at 35 West 35th Street, 6th Floor, New York, New York 10001.

29. Rapid Reliable Testing LLC, was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

30. Rapid Reliable Testing LLC has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

31. Rapid Reliable Testing LLC applies the same employment policies, practices, and procedures to all Hourly Workers in its operation, including policies, practices, and procedures

with respect to payment of wages.

32. Upon information and belief, at all relevant times, Rapid Reliable Testing LLC has had an annual gross volume of sales in excess of $500,000.

33. At all times relevant, Rapid Reliable Testing LLC has employed more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce.

34. In this regard, employees for Rapid Reliable Testing LLC regularly handled goods in interstate commerce, including, but not limited to, medical supplies, COVID-19 testing materials, tents, and other supplies produced outside the State of New York.

## JURISDICTION AND VENUE

35. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

36. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

37. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings the First and Second Causes of Action, FLSA claims, on behalf of herself and all similarly situated persons who work or have worked as Hourly Workers for DocGo who elect to opt-in to this action (the "FLSA Collective").

39. Defendants are liable under the FLSA for, *inter alia*, failing to properly provide prompt payment of minimum wages and overtime wages to Plaintiff and the FLSA Collective.

5

40. Consistent with Defendants' policies and patterns or practices, Plaintiff and the FLSA Collective were paid their minimum wages and overtime premiums on a biweekly basis despite being manual workers subject to the payment schedule of NYLL § 191(1)(a).

41. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

42. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes but is not limited to, willfully failing to deliver prompt payment of minimum wages and overtime to their Hourly Workers, including Plaintiff and the FLSA Collective.

43. An employer "willfully violates the FLSA when it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *See Young v. Cooper Cameron Corp.*, 586 F. 3d 201, 207 (2d Cir. 2009).

44. According to *Whiteside v Hover-Davis*, "a claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *See* 995 F.3d 315, 323 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "For a plaintiff to nudge their claim 'across the line from conceivable to plausible,' [they] must 'raise a reasonable expectation that discovery will reveal evidence' of the wrongdoing alleged, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" *See Id.* (quoting *Citizens United v. Schneiderman*, 882 F.3d 374, 380 (2d Cir. 2018); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1995)).

45. Defendants' willful violation of the FLSA is evidenced by the clear nature of the

violation – NYLL § 191(1)(a) is crystal clear in its requirements.

46. Defendants knew or should have known that their wage and hour practices with regard to Hourly Workers violated the FLSA's prompt payment requirements. In this regard, district courts around the country, including district courts throughout New York, have repeatedly ruled that employees must be paid in a timely manner.

47. Defendants' willful violation of the FLSA is further evidenced by their operation of a business with a market cap of over six hundred million dollars.[1]

48. To support their operations, Defendants likely either employ or contract multiple attorneys with the specific job duty of ensuring compliance with federal and state labor laws, or Defendants recklessly disregard these laws.

49. Accordingly, it is clear that Defendants recklessly disregarded the law, because their substantial operation size does not allow for mere ignorance of their flagrant violation of the FLSA.

50. As such, Defendants' failure to pay overtime constitutes a willful violation of the FLSA.

## **NEW YORK CLASS ACTION ALLEGATIONS**

51. Plaintiff brings the Third, and Fourth, Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Hourly Workers for Defendants in New York between October 27, 2017,[2] and the date of final judgment in this matter (the "New York Class").

---

[1] https://finance.yahoo.com/quote/DCGO/

[2] This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

52. The members of the New York Class are so numerous that the joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

53. There are more than fifty members of the New York Class.

54. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

55. Plaintiff and the New York Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

56. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

57. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

58. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

59. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

> (a) whether Defendants failed to pay all agreed upon wages for hours worked by Plaintiff and the New York Class; and
>
> (b) whether Defendants correctly compensated Plaintiff and the New York Class on a timely basis.

## PLAINTIFF'S FACTUAL ALLEGATIONS

60. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Migle Jegeleviciute**

61. Throughout her employment, Jegeleviciute was employed at mobile COVID testing sites throughout Manhattan, Brooklyn, and the Bronx as an hourly worker from in or around March 2021 through approximately March 2023.

62. During Jegeleviciute's employment, over twenty-five percent of Jegeleviciute's duties were physical tasks, including but not limited to: (1) setting up and breaking down pop-up tents; (2) moving boxes of supplies; (3) unpacking and repacking boxes; and (4) standing for long periods of time.

63. Despite regularly spending more than twenty-five percent of her daily job duties performing these physical tasks, Jegeleviciute was compensated by Defendants on a bi-weekly basis.

64. As a result of Defendants' untimely wage payments, Jegeleviciute was underpaid for the first seven days of each bi-weekly pay period, and thus Defendants paid Jegeleviciute on an untimely basis.

65. For example, for the period beginning June 12, 2022, and ending June 25, 2022, Jegeleviciute was paid her lawfully earned wages on June 30, 2022. *See* **Exhibit A**.

66. In this regard, Defendants failed to pay Jegeleviciute her wages earned from June 12, 2022, to June 18, 2022, by June 25, 2022, as required by the FLSA and NYLL § 191(1)(a).

67. As a result of Defendants' untimely wage payments, Jegeleviciute was underpaid for the period of June 12, 2022 to June 18, 2022, and for every corresponding period where Defendants failed to deliver Jegeleviciute prompt payment.

68. Moreover, Plaintiff was denied the time value of her money by Defendants' underpayments. Plaintiff was unable to invest, save, or purchase utilizing the wages she earned and was owed by June 25, 2022, respectively, and all other similarly underpaid workweeks.

69. Plaintiff was similarly underpaid for every workweek that she was paid her lawfully earned wages after more than seven days within the time she completed her work.

70. During her employment, Jegeleviciute was a non-exempt hourly worker paid on an agreed upon hourly basis of $25.00 per hour.

71. Unless she missed time for sick days, vacation, or personal days, Jegeleviciute generally worked Monday through Friday from 10:00 a.m. to 5:00 p.m.

72. Despite this, Defendants failed to pay Jegeleviciute for the all hours she worked at the agree upon rate.

73. In this regard, Jegeleviciute worked multiple days without being paid **any** compensation.

74. Defendants' policy of not paying Jegeleviciute was consistent throughout her employment, resulting in an estimated two hundred thirty-four hours that were unpaid

75. Defendants' policy of not paying Jegeleviciute caused her weekly pay rate to fall

10

below her agreed upon rate.

76. For example, during the week beginning June 5, 2022 and ending June 11, 2022 Jegeleviciue was not paid for hours she worked on June 7, 2022 and June 9, 2022, causing her hourly rate to drop below her agreed upon rate.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

77. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78. At all times relevant, Plaintiff and the FLSA Collective were or have been employees, and Defendants was or has been an employer of Plaintiff and the FLSA Collective, within the meaning of 29 U.S.C §§ 201 *et seq.*

79. At all times relevant, Defendants has been an employer of Plaintiff and the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

80. Defendants failed to promptly pay Plaintiff and the FLSA Collective for all hours worked at no less than the applicable minimum wage.

81. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being promptly paid minimum wages in amounts to be determined at trial, and are entitled to recovery of liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

82. Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

83. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of FLSA Collective.

84. Plaintiff and the FLSA Collective worked in excess of 40 hours during workweeks in the relevant period.

85. Defendants failed to promptly pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 per workweek.

86. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied proper overtime compensation in amounts to be determined at trial, and are entitled to recovery of liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Agreed Upon Wages**
**(Brought on behalf of Plaintiff and the New York Class)**

87. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

88. The wage provisions of Article 6 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the New York Class.

89. Pursuant to NYLL, Article 6 § 191(1)(d), Defendants are required to pay Plaintiff and the New York Class the wages they have earned in accordance with the agreed terms of their employment.

90. Defendants failed to pay Plaintiff and the New York Class the earned wages to

which they are entitled to under the NYLL and the supporting New York State Department of Labor Regulations, pursuant to the agreed-upon terms of Plaintiff's employment.

91. Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants their agreed-upon earned wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
(Brought on behalf of Plaintiff and the New York Class)

92. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

93. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and the New York Class.

94. Defendants failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff and the New York Class being underpaid.

95. Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective

action, or that the Court issue such notice, to all and similar hourly positions companywide who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Defendants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

  B. An equal amount of liquidated damages to the amount of minimum wages and overtime Plaintiff was paid promptly pursuant to the FLSA and the supporting United States Department of Labor Regulations;

  C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

  D. Designation of Plaintiff as representative of the New York Class and counsel of record as Class Counsel;

  E. Liquidated damages in the amount of the untimely wage payments pursuant to the NYLL;

  F. The amount of withheld agreed upon wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

  G. Prejudgment and post-judgment interest;

  H. Reasonable attorneys' fees and costs of the action; and

  I. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
June 11, 2024

                                                    Respectfully submitted,

                                                    */s/ Brian S. Schaffer*
                                                    Brian S. Schaffer

                                                    **FITAPELLI & SCHAFFER, LLP**
                                                    Brian S. Schaffer
                                                    Hunter G Benharris
                                                    28 Liberty Street, 30th Floor
                                                    New York, New York 10005
                                                    Telephone: (212) 300-0375

                                                    *Attorneys for Plaintiff and*
                                                    *the Putative Class*